UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60480

JONATHAN HOWE,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., and
CAPITAL ONE SERVICES, LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff JONATHAN HOWE ("Plaintiff") sues Defendant MIDLAND CREDIT MANAGEMENT, INC., and Defendant CAPITAL ONE SERVICES, LLC (collectively, the "Defendants") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**<u>JURISDICTION AND VENUE</u>**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant Midland Credit Management, Inc. ("Defendant-DC") is a Kansas corporation, with its principal place of business located in San Diego, California.

6. Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

8. Defendant Capital One Services, LLC ("Defendant-Creditor") is Delaware, with its principal place of business located in McLean, Virginia.

9. At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

10. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

11. On a date better known by Defendant-DC, Defendant-DC began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

12. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and Defendant-Creditor, the original creditor, on an unsecured line of credit, whereby the original account number ended in 4449 (the "Subject Service").

13. The Subject Service was primarily for personal, family, or household purposes.

PAGE | **2** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

15. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

16. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18. Defendant-DC's "Consumer Collection Agency" license number is CCA0900916.

19. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

21. On a date better known to Defendant-DC, Defendant-DC began contacting Troy Hulbert (the "Third Party") in an attempt to collect the Consumer Debt.

22. Defendant-DC contacted the Third Party more than once in connection with the collection of the Consumer Debt.

23. In particular, Defendant-DC, in connection with the collection of the Consumer Debt, called the Third Party on December 17, 2019, February 16, 2020, February 26, 2020, and February 27, 2020 – and in so doing - Defendant-DC disclosed (the "Disclosure") to the Third Party, *among other things*: [1] the existence of the Consumer Debt; [2] that the Consumer Debt was owed to by Plaintiff; and [3] that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. Plaintiff did not consent or agree to Defendant-DC contacting the Third Party in an attempt to collect the Consumer Debt, nor did Plaintiff agree or consent to Defendant-DC disclosing the existence of the Consumer Debt the Third Party.

25. The Disclosure affected Plaintiff's reputation. For example, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

26. The Third Party did not, and otherwise does not, have any legitimate business need for the information disclosed to the Third Party by Defendant-DC involving the Consumer Debt, namely, [1] the existence of the Consumer Debt; [2] that the Consumer Debt was owed to by Plaintiff; and [3] that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the Consumer Debt.

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692c(b)
(*against Defendant-DC*)

27. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein.

28. Section 1692c(b) of the FDCPA provides that, "*[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt … a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector*." 15 U.S.C. 1692c(b) (emphasis added).

29. With respect to the matter at hand, on more than one occasion, Defendant-DC contacted the Third Party in connection with the collection of the Consumer Debt. Defendant-DC

PAGE | **4** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

did not have Plaintiff's prior consent to communicate with the Third-Party in connection with the collection of the Consumer Debt, nor did Defendant-DC have Plaintiff's prior consent to disclose the existence of the Consumer Debt to the Third Party. As such, by and through contacting the Third Party, on more than one occasion, in connection with the collection of the Consumer Debt, Defendant-DC violated § 1692c(b) of the FDCPA.

30. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate and just under the circumstances.

### *COUNT II.*
### **VIOLATION OF FLA. STAT. § 559.72(5)**
(*against Defendant-DC*)

31. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein.

32. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*Disclose to a person **other than the debtor** or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the **other person does not have a legitimate business** need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

33. As stated above, in communicating with the Third Party in connection with the collection of the Consumer Debt, Defendant-DC disclosed, *among other things*: [1] the existence of the Consumer Debt; [2] that the Consumer Debt was owed to by Plaintiff; and [3] that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the Consumer Debt. The Third Party did not have any legitimate business need for this information, yet Defendant-DC disclosed it

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

nonetheless without any regard to Plaintiff's privacy. Making matters even worse, as mentioned above, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness. Accordingly, by calling the Third Party and disclosing the existence the Consumer Debt, Defendant-DC violated § 559.72(5) of the FCCPA.

34.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory damages as provided under Fla. Stat. §559.77(2); **[2]** An injunction prohibiting Defendant-DC from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees as provided by Fla. Stat. §559.77(2); and **[4]** Any other relief that this Court deems appropriate and just under the circumstances.

### COUNT III.
### VIOLATION OF FLA. STAT. § 559.72(5)
(*against Defendant-Creditor*)

35.     Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein.

36.     In Bent v. Smith, Dean & Associates, Inc., the Middle District of Florida found a creditor's liability for a debt collector's violations of the FCCPA a question of agency, stating that:

> Under Florida law, a principal may be held liable for the acts of its agent that are within the course and scope of the agency. Roessler v. Novak, 858 So.2d 1158, 1161 (Fla. 2nd DCA 2003). Although some agencies are based upon an express agreement, a principal may be liable to a third party for acts of its agent which are within the agent's apparent authority. Id. Vicarious liability for the actions of an independent contractor requires a showing of actual or apparent authority. *See*, Whetstone Candy Co., Inc. v. Kraft Foods, Inc., 351 F.3d 1067, 1077 (11th Cir.2003), … [whereby] [a]pparent authority is authority which a principal knowingly tolerates or permits, or which the principal by its actions or words holds the agent out as possessing. Roessler, 858 So.2d at 1161.

2011 WL 2746847, at *3 (M.D. Fla. July 14, 2011).

37. With respect to the matter at hand, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

38. Defendant-Creditor purposely provided Defendant-DC with the requisite information to collect the Consumer Debt from Plaintiff, including but not limited to, Plaintiffs address, the loan balance, and interest rate.

39. Here, the above-mentioned violation of § 559.72(5) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

40. As such, Defendant-Creditor is liable to Plaintiff for Defendant-DC's violation of the § 559.72(5) of the FCCPA, wherein Defendant-DC, as set forth in *Count II*, disclosed the Third Party, among other things, the existence of the Consumer Debt, that the Consumer Debt was owed to by Plaintiff, and that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the Consumer Debt.

41. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief: **[1]** Statutory damages as provided under Fla. Stat. §559.77(2); **[2]** Costs and reasonable attorneys' fees as provided by Fla. Stat. §559.77(2); and **[3]** Any other relief that this Court deems appropriate and just under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: March 4, 2020

                                        Respectfully Submitted,

                                        /s/ Jibrael S. Hindi
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail:   jibrael@jibraellaw.com
                                        **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377
                                        E-mail:   tom@jibraellaw.com
                                        The Law Offices of Jibrael S. Hindi
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        Phone:     954-907-1136
                                        Fax:        855-529-9540

                                        *COUNSEL FOR PLAINTIFF*